* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and after reading the briefs and hearing the oral arguments of the parties, the Full Commission finds that good grounds exist to reopen the record and receive further evidence.
 * * * * * * * * * * *
Plaintiff was injured at work on May 13, 2004 when she was rear-ended while her vehicle was stopped to make a right turn. At the time of her accident Plaintiff was employed as a community assistant for Defendant-Employer New Hanover County. Plaintiff's job requires her to assist people in their homes. She cleans, mops, vacuums, takes consumers to the grocery store *Page 2 
and doctor appointments and performs other similar tasks. As a result of the accident Plaintiff has treated with multiple doctors.
Dr. Ben Wall released Plaintiff to return to work on February 5, 2005. His initial release was with restrictions, but those restrictions were removed on February 18, 2005 after Plaintiff completed a Functional Capacity Evaluation (FCE). After Plaintiff's return to work she sought treatment again with Dr. Wall but treatment was refused due to confusion over whether the carrier had authorized further treatment. Plaintiff subsequently filed motions with the Executive Secretary's Office and later a Form 33 hearing request, joining other issues with a request for change of treating physician. All of Plaintiff's issues were heard before the Deputy Commissioner and reviewed by the Full Commission pursuant to Plaintiff's appeal.
Dr. Wall, an authorized treating physician, diagnosed Plaintiff with sacroiliac dysfunction, which he described as an "up slip" or dislocation of the sacroiliac joint and he causally related this condition to the compensable motor vehicle accident. Plaintiff has also been diagnosed with probable right L5 radiculopathy based upon Nerve Conduction/Electromyography testing and the examination findings of Dr. Steven Hirsch. Defendants have presented evidence tending to show that Plaintiff is malingering.
The Full Commission is of the opinion that an independent medical examination (IME) would be beneficial to the Commission in determining the issues raised on appeal, including whether Plaintiff needs additional medical treatment.
IT IS THEREFORE ORDERED that this matter is referred to the Industrial Commission Nurse's Section for the assignment of a Nurse Case Manager to facilitate the scheduling of an IME at Defendants' expense. Both parties will be contacted and asked to attempt to agree on the doctor to perform the IME. If the parties cannot agree, the Nurse will select a doctor. The *Page 3 
completed IME report shall be submitted to the Commission and thereafter the Commission will determine whether deposition testimony and supplemental briefing are needed, if requested by either party. All correspondence from the parties to the Full Commission shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of November 2007.
 S/
 BERNADINE S. BALLANCE
 COMMISSIONER
 CONCURRING:
S/ DANNY McDONALD COMMISSIONER
 S/ BUCK LATTIMORE COMMISSIONER *Page 1